UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN PHARMACEUTICALS, IRELAND UNLIMITED COMPANY, ALLERGAN USA, INC., and ALLERGAN SALES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> REVANCE THERAPEUTICS, INC., <br><br> Defendant. | CIVIL ACTION NO. 3:23-CV-00431 |

# DEFENDANT REVANCE THERAPEUTICS, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Revance Therapeutics, Inc. ("Revance") moves to dismiss the Complaint (ECF No. 1). In support of its Motion, Revance files its supporting Memorandum In Support of Defendant's Revance Therapeutics, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Memorandum"), and states as follows:

1. The Complaint asserts two counts - Misappropriation of Trade Secrets under the Defend Trade Secrets Act (18 U.S.C. § 1836(b)) (Count I) and Misappropriation of Trade Secrets under the Tennessee Uniform Trade Secrets Act (Tenn. Code Ann. § 47-25-1701 *et seq.*) (Count II). As more fully set forth in its Memorandum, the Complaint fails to state a valid claim of trade secret misappropriation against Revance under either statute for at least two reasons.

2. First, the Complaint fails to allege any acts of misappropriation by Revance. The Complaint alleges Revance hired certain former Allergan employees, and implies those former employees retained Allergan confidential information upon their departures from Allergan. But it does not allege Revance obtained, used, or disclosed any Allergan trade secret.

1

3. Federal district courts routinely dismiss complaints like this, where a plaintiff attempts to base a trade secret misappropriation claim on an inference that a former employee shared purported trade secrets with a new employer.

4. Second, the Complaint fails to allege sufficient and particular facts that demonstrate the existence of any trade secret. Specifically, the Complaint fails to identify any specific information that is not "generally known" or "readily ascertainable through proper means." *See* 18 U.S.C. § 1839(3); TN Code § 47-25-1702.

WHEREFORE, for all the foregoing reasons, and those set forth more fully in Revance's accompanying Memorandum, the Court should dismiss the Complaint in its entirety for failure to state a viable legal claim pursuant to Fed. R. Civ. P. 12(b)(6).

|  | Respectfully submitted, |
|---|---|
|  | REVANCE THERAPEUTICS, INC. |
|  | By its Attorneys: |

*Of Counsel:*

| | |
|---|---|
| James N. Boudreau | */s/ Katie Molloy* |
| GREENBERG TRAURIG, LLP | Katie Molloy |
| Three Logan Square | Tennessee Bar No. 26877 |
| 1717 Arch Street, Suite 400 | Greenberg Traurig, P.A. |
| Philadelphia, PA 19103 | 101 East Kennedy Boulevard |
| Phone: (215) 988-7833 | Suite 1900 |
| Fax: (215) 717-5209 | Tampa, FL 33602 |
| Email: James.Boudreau@gtlaw.com | Phone: (813) 318-5710 |
| | Email: molloyk@gtlaw.com |

Gregory S. Bombard
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
Phone: (617) 310-6000
Fax: (617) 310-6001
Email: gregory.bombard@gtlaw.com

Dated: June 8, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served on all counsel of record in this case via CM/ECF on June 8, 2023.

                                          */s/ Katie Molloy*
                                          Katie Molloy