# EXHIBIT B



Gregory S. Bombard
Tel 617.310.6027
Fax 617.310.6000
gregory.bombard@gtlaw.com

September 26, 2024

**VIA EMAIL**
Andrea Pallios Roberts
Paul Hastings
1117 S. California Avenue
Palo Alto, CA 94304
andrearoberts@paulhastings.com

>Re: *Allergan, Inc. et al. v. Revance Therapeutics, Inc.*, No. 3:23-cv-00431 | Response to September 25 Letter Concerning September 16 Order Granting in Part Revance's Motion to Compel

Dear Andrea:

This letter responds to Allergan's September 25, 2024 letter concerning the Court's order granting in part Revance's Motion to Compel. ECF No. 204. From the letter, it appears Allergan wants to reopen issues the Court's order resolved under the guise of seeking to "clarify Revance's position." Revance's "position" is not only clear, it has been litigated, with the Court ordering Allergan to produce documents and to supplement answers to Interrogatory Nos. 3 and 12 no later than September 30. Revance expects Allergan will comply fully with the Court's order.

Additionally, Allergan's "plan" with respect to RFP 32 does not comply with the Court's order. RFP 32 seeks "All documents concerning the departure from Allergan of any former Allergan employee listed in Appendix I." Allergan states it has "already produced personnel files of the former Allergan employees listed in Appendix I . . . ." That production is not sufficient. RFP 32 does not seek just the personnel files of these employees; it seeks all documents concerning the departure from Allergan of these employees. This includes, for example, email correspondence about a reduction in force to the extent an employee's separation occurred due to a reduction in force. It also includes email traffic discussing an employee's termination, to the extent an employee was terminated. The Court's order does not narrow RFP 32 in any way, much less limit it to an employee's personnel file. Indeed, the Court expressly rejected Allergan's argument in this regard, "find[ing] that information about the departure from Allergan of those employees that Allergan has identified as having left Allergan for Revance is relevant to the claims and defenses in this matter." ECF No. 204 at 13

Concerning RFPs 33-36, Allergan writes cryptically that it has "already produced documents responsive to RFPs 33-36." The letter, however, does not say Allergan has produced

*all* responsive documents as ordered by the Court. Specifically, the Court held that, "to the extent that ***any*** nonprivileged documents that are responsive to these RFP[s, i.e., 33-36] are within Allergan's possession, custody, or control, Allergan must produce them to Revance." ECF No. 204 at 13-14 (emphasis added).

The Court also granted Revance's Motion to Compel with respect to RFP Nos. 45, 46, 47, 48, 49, 50, 51, and 54. Yet again, Allergan's stated plan does not comply with the Court's order. The Court did not limit its scope to any particular set of search terms. In fact, Allergan proposed the search terms while maintaining objections to producing documents responsive to 45-51 and 54. In other words, the search terms were agreed to by Allergan at the same time Allergan refused to produce all documents responsive to RFP Nos. 45-51 and 54. The Court overruled Allergan's objections and ordered Allergan to produce all the responsive documents. And, in any event, the temporal limitations, search terms, and custodians Allergan proposes are wholly insufficient to satisfy Allergan's obligations to comply with the Court's order concerning RFP Nos. 45-51 and 54.

First, with respect to proposed temporal limitations, Allergan says it intends to search only for documents from January 1, 20**18** to present. Yet the Court ordered Allergan to produce documents from January 1, 20**15** (RFPs 46, 47, 50, 51). Allergan's proposed terms would not capture three years of data the Court has ordered Allergan to locate and produce.

Second, with respect to the keywords, Allergan's proposed search terms are deficient. As one example, the Court ordered Allergan to produce "All documents from January 1, 2015 to present concerning Revance, Revance's product offerings, or Revance's market share" (RFP 47). But Allergan's proposal would only capture the word Revance if it happened to fall within 50 words of market OR compet* OR sale*. There is no reason to believe such a search would capture the documents the Court ordered produced. As another example, the Court ordered Allergan to produce "All documents from January 1, 2019 to present concerning Daxxify (DaxibotulinumtoxinA-lanm)" (RFP 48). Allergan's proposal would only capture the word Daxxify or Dax* if it happened to fall within 50 words of (market OR compet* OR sale*). So, if an Allergan executive wrote an email stating "Daxxify will negatively affect Allergan and Botox," the search would not capture such an email. This is plainly deficient.

Third, regarding custodians, Allergan's proposal is deficient and does not comply with the Court's Order. Allergan has refused to run at least one appropriate custodian for these types of searches (i.e., David Moatazedi). And Allergan has not identified other appropriate custodians for these searches, including without limitation, Carrie Strom, Senior Vice President, AbbVie and President, Global Allergan Aesthetics. Allergan's proposed custodian list also omits individuals who indisputably exchanged emails regarding Revance and Daxxify, including Moulakshi Roychowdhury, Pharm.D., J.D., who sent a letter to the FDA concerning the alleged misbranding of DAXXIFY by Revance Therapeutics, Inc. *See* ALGN-MDTENN_1813485.

As for RFP Nos. 50, 51, and 54, Allergan writes that it "has completed its production," and refers to a production Allergan made in June (i.e., before the Court's order). In response to

Revance's Motion to Compel, Allergan only agreed to produce "communications with the FDA about Revance as it relates to Daxxify." *E.g.,* ECF No. 180 at 13. Allergan cites three documents it says are responsive to these three RFPs—ALGN-MDTENN_1813485, ALGN-MDTENN_1813486, ALGN-MDTENN_1813498, ALGN-MDTENN_1813499. Each document was sent in 2023. RFPs 50 and 51 include a temporal limitation from January 1, 2015 to present. Is Allergan certifying it does not possess any responsive documents predating 2023? If not, it must produce the additional responsive documents dating back to 2015. If it is so certifying, Allergan must do so in writing and unequivocally in its supplemental response.

Concerning Category 3 documents, Allergan asks Revance to "explain what documents or types of documents Revance believes are missing from Allergan's productions and/or searches." This flips the onus of compliance with the Court's Order. It is impossible for Revance to know what exists but Allergan has not produced. Based on Allergan's letter, however, it is clear Allergan's planned course will not satisfy the Court's Order.

In sum, Revance expects Allergan to comply with the Court's Order in full. Revance will not ex post facto agree to any limitations on the scope of the Order absent some extremely compelling justification that Allergan has yet to offer. Should Allergan not comply with the Court's Order, Revance reserves the right to seek all appropriate relief from the Court. *See, e.g.*, FED. R. CIV. P. 37(b)(2).

Very truly yours,

*/s/ Gregory S. Bombard*

Gregory S. Bombard

cc: counsel of record

ACTIVE 702364740v3