# **EXHIBIT E**



Gregory S. Bombard
Tel 617.310.6027
Fax 617.310.6000
gregory.bombard@gtlaw.com

October 18, 2024

**VIA EMAIL**
Andrea Pallios Roberts
Paul Hastings
1117 S. California Avenue
Palo Alto, CA 94304
andrearoberts@paulhastings.com

Re: *Allergan, Inc. et al. v. Revance Therapeutics, Inc.*, No. 3:23-cv-00431

Counsel,

We write again about Allergan's failure to comply with the Court's order granting in part Revance's Motion to Compel. ECF No. 204. Revance has previously emphasized—even before the September 30 deadline—that Allergan's stated effort to satisfy the Court's order falls woefully short.[1] It is clear based on what information Allergan has supplied Revance that Allergan failed to comply with the Court's order.

Please respond to the below points by October 24.

**RFP 5**: This request sought "All versions of any employment agreements, confidentiality agreements, assignment agreements, non-compete agreements, or other agreements that Plaintiffs require or have required employees to execute as a condition of employment since 2010." In its September 25 letter, Allegan stated "To the extent that there are years in that time frame not already covered by what was produced, we will produce the employee confidentiality agreements for those years." Please certify that Allergan has produced all versions.

**RFP 32**: This request sought "All documents concerning the departure from Allergan of any former Allergan employee listed in Appendix I." The Court ordered Allergan produce "any nonprivileged documents that are responsive to RFP No. 32," but Allergan agreed to produce only personnel files. In other words, Allergan has not produced documents responsive to RFP 32 unless the documents appeared in the employees' personnel files. Allergan's own production demonstrates that responsive documents exist outside an employee's personnel file. *E.g.*, ALGN-MDTENN_1750277. Allergan contends that Revance "poached" certain employees from

---

[1] Revance is in receipt of Allergan's October 3 email in which it lists proposed custodians and attaches three search terms groups.



Andrea Pallios Roberts
October 18, 2024
Page 2

Allergan, putting communications and documents concerning Allergan's former employees' departure directly at issue. Allergan's failure to search for and produce all responsive documents irrespective of whether the document happens to exist in a personnel file violates the Court's order.

**RFPs 33-36**: These requests generally sought communications with current and former employees and the former employees' new employers regarding post-employment obligations and allegations of misappropriation. In response, Allergan stated it "already produced documents responsive to RFPs 33-36. Documents responsive to these requests were included in, at least, production volume 20." This is not complete. Allergan's response states only that it has "produced documents responsive" to these requests; it does not certify it has produced *all responsive documents*, as the Court ordered. Please certify that Allergan has produced all responsive documents.

**RFPs 45-51; 54**: The Court ordered Allergan to produce all nonprivileged documents responsive to these RFPs. Allergan has not certified it has done so. Indeed, in its September 25, 2024 letter, Allergan states it "agreed to ESI search parameters that we understand to be directed at documents that would be responsive to these requests." 2024.09.25 A. Roberts Ltr. to J. Dean re Sept. 16, 2024 Order. In its September 26, 2024 response, Revance explained the ESI search parameters Allergan stated it would run would omit large categories of responsive documents. For example, the date range for Allergan's ESI search parameter starts in 2018. But RFPs 46, 47, 50, and 51 each date back to 2015. As a second example, Allergan's proposed custodians excluded highly relevant custodians who would no doubt possess responsive information. These search parameters are objectively non-compliant.

Allergan's shifting positions on this point manifest its failure to comply with the Court's order. On September 25, Allergan argued its proposed ESI searches were "directed" at documents the Court ordered Allergan to produce. Yet, despite Allergan's reference to those searches in its September 25 letter, Allergan did not produce *any* documents resulting from that search on September 30. When we asked Allergan to confirm it had produced all responsive documents by the Court-ordered deadline, Allergan took a sudden about-face and claimed "Allergan's search for documents responsive to the RFPs that were subject to the September 30 production date did not require search terms." 2024.10.02 A. Roberts email to J. Dean re. Compliance With Court Order (ECF No. 204).

With respect to RFP Nos. 50, 51, and 54, Allergan claims to have completed its production and referred Revance to a volume produced in June 2024, citing four documents. At that point in time, Allergan only agreed to produce "communications with the FDA about Revance as it relates to Daxxify." *E.g.*, ECF No. 180 at 13. But the Court's order requires Allergan to produce all responsive documents to Revance's RFPs 50, 51, and 54, including communications exchanged with any regulator concerning: (1) Revance; (2) Revance's regulatory applications; and (3) Revance's products. Allergan's self-limited production does not comply with the Court's Order.



Andrea Pallios Roberts
October 18, 2024
Page 3

**Failure To Comply With Joint Discovery Plan**: Mere minutes before the deadline to comply on September 30, Allergan produced 45 documents, totaling about 624 pages. But this production failed to comply with the Joint Discovery Plan: The documents lacked any load file and did not include the requisite metadata. To date, Allergan has not explained this non-compliance.

**Non-Compliant Interrogatory Supplementation**: Allergan served supplemental interrogatory responses on September 30 without a proper verification, in violation of Fed. R. Civ. P. 33. Revance has demanded Allergan comply with Fed. R. Civ. P. 33, but Allergan has not responded.

* * *

Revance has afforded Allergan numerous occasions to rectify the above deficiencies and to confirm it has produced *all* responsive documents. Unfortunately, Allergan has refused to do the former and has declined to do the latter. Although Revance hoped (and hopes) to avoid seeking judicial intervention, Allergan's response leaves Revance no choice. Please cure the above-mentioned deficiencies and certify Allergan has produced *all* responsive documents no later than October 24 or Revance will move for sanctions. *See* FED. R. CIV. P. 37(b)(2).

Very truly yours,

*/s/ Gregory S. Bombard*

Gregory S. Bombard

cc: counsel of record

ACTIVE 703081273v3