# EXHIBIT F



(650) 320-1870
andrearoberts@paulhastings.com

October 31, 2024

**VIA EMAIL**

Gregory S. Bombard
Greenberg Traurig LLP
One International Place, Suite 2000
Boston, MA 02110
Gregory.bombard@gtlaw.com

Re: September 16, 2024 Court Order (ECF 204)

Counsel,

We write in response to Mr. Bombard's October 18, 2024 letter regarding the Court's September 16, 2024 Order (ECF 204). As Allergan explained in its September 25 letter (*see* 9/25/24 A. Roberts Letter), as well as its Opposition to Revance's Motion to Compel (ECF 181), Allergan was already collecting and had produced the majority of documents responsive to the RFPs in the Court's Order before it issued. Allergan produced the remainder of documents that it located after a reasonable inquiry and diligent search on September 30, 2024. Thus, Allergan has complied with the Court's September 16 Order and disagrees with Revance's claims otherwise. Allergan addresses Revance's specific questions about Allergan's compliance below.

**RFP 5:** Mr. Bombard's letter asked Allergan whether it has produced "all versions of employment agreements, confidentiality agreements, assignment agreements, non-compete agreements, or other agreements that Plaintiffs require or have required employees to execute as a condition of employment since 2010." 10/18/24 G. Bombard Letter. The Court's September 16 Order stated "[t]o the extent that Allergan has not already done so, it must conduct a reasonable search for any employee confidentiality agreements executed since January 1, 2010, and produce them to Revance." ECF 204, at 8. Allergan can confirm that it has in fact produced all versions of employee confidentiality agreements it has been able to locate after a reasonable inquiry and diligent search during the relevant time period. Of course, if there is a year that Revance is concerned is missing, please feel free to identify it and we would be happy to look into this again.

**RFP 32:** This request seeks "[a]ll documents concerning the departure from Allergan of any former Allergan employee listed in Appendix I." ECF 204, at 12. As Allergan explained in its Opposition to Revance's Motion to Compel, "to the extent Allergan maintains in a centralized location the information Revance seeks, it would be in the personnel files that Allergan already

Paul Hastings LLP | 2050 M Street NW | Washington, D.C.
t: +1.202.551.1700 | www.paulhastings.com



produced and continues to produce." ECF 181, at 17 (cited in ECF 204, at 13.) We understand the Court as accepting the search described by Allergan and finding that it was not burdensome. Allergan's production of responsive documents located in that search was completed on September 30. To the extent that Allergan locates any additional responsive documents, including through the agreed-upon ESI searches, which are ongoing, Allergan will supplement its production as required by Rule 26(e).

**RFPs 33-36:** As stated in our September 25 letter, "Allergan also already produced documents responsive to RFPs 33-36. Documents responsive to these requests were included in, at least, production volume 20." Mr. Bombard's October 18 letter indicates that this is insufficient because Allergan did not certify that it produced all responsive documents. Allergan produced all documents responsive to these requests located after a reasonable inquiry and diligent search. This was done before the Court's Order.

**RFPs 45-51, 54:** In Allergan's Opposition to Revance's Motion to Compel, Allergan explained that it had produced responsive documents "to the extent these requests seek relevant documents that are proportional to the needs of the case." ECF 181, 14. Specifically, "on May 31, 2024, Allergan produced business-planning documents, including long-range planning (LRP) presentations, business reviews, growth analyses, and target populations. Such documents include discussion of the commercial landscape for Botox and Juvederm, sales volume in units, revenue, forecasts, other players in the space, and additional related information. To the extent that Allergan analyzed Revance, Daxxify, and/or the RHA Collection as part of these business-planning documents, such analyses are reflected therein." *Id.* at 14-15 (citations omitted). The Court's September 16 Order did not indicate that the production Allergan described was insufficient. Thus, Allergan complied with the Court's Order.

We note that, subsequent to filing its Opposition and before the Court's Order, Allergan also produced custodial data from Jamie Gonzalez, Stacy Klingenberg, and Jason Paik, that would include information responsive to these RFPs. Moreover, we noted in our September 25 letter that Allergan had agreed to ESI search parameters that we understand to be directed at documents that would be responsive to these requests. Specifically, Allergan agreed to run the following search terms (or variations thereof as indicated in Allergan's correspondence):

- (Revance OR RVNC) w/50 (market OR compet* OR sale*) – January 1, 2018-present
- (Daxxify OR DAX* or daxibotulinumtoxinA) w/50 (market OR compet* OR sale*) - January 1, 2018-present
- ("botulinum toxin" OR BoNT) w/50 (market OR compet* OR sale*) - January 1, 2018- present



- (RHA* OR "RHA Collection") w/50 (market OR compet* OR sale) - January 1, 2018- present
- (RT002 OR RT-002) w/50 (market OR compet* OR sale*) - January 1, 2018- present

Allergan ran these terms on the custodial ESI of: Alexis Jammo, Wendy Shepherd, Auburn Nikolos, Stephanie Attoian, Robert Jones, Debbie Thompson, Jennifer Aggabao, Conor Gallagher, Ken Clarke, Cara Chastain, Sarah Fraboni, Katie Barnhart, Roger Huff, Mirabelle Pao, Jill Carey, Kimberly Cozzo, Hui Xiang, Derek Chan, Carissa Nava, Jill Clark, and Stewart Draper.  Allergan also ran similar terms for Mitchell Brin, Chad Lindemann, and Inaja Amorim, but with smaller proximity limiters.  *See* A. Roberts 8/16/24 Letter; A. Roberts 8/8/24 Letter.  These search terms had a date range beginning in January 2018 because that is what Revance proposed for its version of these terms.  *See* G. Bombard 3/25/24.  That is, Allergan agreed to Revance's proposed date range for these terms.  In any event, in light of Revance's request after the Court's Order that Allergan should be running these searches on data going back to 2015, Allergan is expanding the date range of these searches accordingly.  To the extent Allergan locates additional documents responsive to these RFPs through agreed ESI searches or otherwise, Allergan will supplement its production as required by Rule 26(e).

**Joint Discovery Plan:** Mr. Bombard's October 18 letter accused Allergan of failing to comply with the Joint Discovery Plan in connection with Allergan's September 30 production.  Allergan recognizes that its September 30 production was a native PDF production, and that Allergan followed up with an overlay on October 4.  The reason for this is because Allergan wanted to ensure that its production went out on September 30, and due to processing constraints, our vendor was not able to get them produced in the format set forth in the Joint Discovery Plan by that date.  Allergan quickly remedied that.  It is not uncommon for parties to push out PDF productions if they need to go out quickly and there is not sufficient time to produce them, and then to follow up with an overlay and load files.  That's precisely what we did here.  Please let us know if you have further questions.

**Interrogatory Verification:** We are working to provide verifications of Allergan's September 30, 2024 Supplemental Responses to Interrogatory Nos. 3 and 12.  Again, in most cases, it is not uncommon for verifications to not be provided on the same day as the response, and the parties do not have discovery fights about them.  In our experience, parties typically recognize the efficiencies of not having to provide serial verifications throughout discovery any time there is a supplementation.  Nevertheless, we will provide these to you shortly.

We understand that Revance would like to discuss the issues above at the parties' upcoming in-person meet and confer.  We are happy to do so.  Again, Allergan complied with the Court's order, and had produced the majority of the required documents long before the Order issued.



Accordingly, we are happy to address any further concerns of Revance without burdening the Court. We further note, as we have before, Allergan's review and production of documents located using the agreed ESI search terms is ongoing, and we will continue to produce documents on a rolling basis.

Sincerely,

_/s/ Andrea Pallios Roberts_
PAUL HASTINGS LLP